**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| ERIN WILSON, on behalf of herself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ESURANCE INSURANCE SERVICES, INC.,<br><br>Defendant. | Civil Action File No.:<br>1:26-cv-04428-ELR |

**DEFENDANT ESURANCE INSURANCE SERVICES, INC.'S MOTION TO STAY DISCOVERY AND OTHER DEADLINES PENDING RESOLUTION OF MOTION TO DISMISS**

In accordance with Federal Rule of Civil Procedure 26(c) and Local Rule 7.1, Defendant Esurance Insurance Services, Inc. ("Esurance") respectfully moves this Court to stay discovery and other deadlines in this action pending resolution of Esurance's Motion to Dismiss (Doc. 12). Plaintiff Erin Wilson does not oppose the Motion.

In support of the Motion, Esurance shows the Court as follows:

1. On August 6, 2026, Plaintiff filed this putative class action Complaint. (Doc. 1.)

2. On September 9, 2026, the Court entered an Order requiring the parties to file a Joint Preliminary report and Discovery Plan on or before November 2, 2026. (Doc. 11.)

3. On October 2, 2026, Esurance filed a Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim (Doc. 12) (the "Motion") and a Memorandum in Support (Doc. 12-1). Plaintiff filed an Opposition to the Motion on October 12, 2026. (Doc. 13), and Esurance intends to file a Reply on or before October 26, 2026.

4. This Court "has broad discretion to stay discovery until [it] rules on a pending dispositive motion." *Nam v. U.S. Xpress, Inc.*, No. 1:10-CV-3924-AT, 2011 WL 1136431, at *1 (N.D. Ga. Mar. 25, 2011) (citations omitted); *see also Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 436 (5th Cir. 1990) (explaining a stay of discovery is appropriate when a court's ruling on a motion to dismiss "might preclude the need for discovery altogether thus saving time and expense"); *Patterson v. U.S. Postal Serv.*, 901 F.2d 927, 929 (11th Cir. 1990) (affirming stay of discovery pending outcome of defendant's motion to dismiss or for summary judgment). Where, as here, a pretrial motion "presents a purely legal question," such motions "should . . . be resolved before discovery begins." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997); *see also Moore v. Potter*, 141 F. App'x 803, 807–808 (11th Cir. 2005) ("[A]ny legally

unsupported claim that would unduly enlarge the scope of discovery should be eliminated before the discovery stage, if possible." (quoting *Chudasama*, 123 F.3d at 1368)).

5. Courts in this District frequently grant motions to stay discovery and related deadlines where, as here, resolution of a pending motion to dismiss presents purely legal questions and could dispose of the entire case. *See, e.g.*, *McDade v. Equifax Info. Servs., LLC*, No. 1:20-CV-03509-ELR-AJB, 2021 WL 4816636, at *1 (N.D. Ga. May 25, 2021) (staying discovery pending resolution of motion to dismiss); *Ellis v. Equifax Info. Servs., LLC*, No. 1:18-CV-5185-TCB-CMS, 2019 WL 11343553, at *1 (N.D. Ga. May 9, 2019) (granting motion to stay "all parties' obligations to comply with the pretrial deadlines described in the motion (*i.e.*, Rule 26(f) early planning conference, joint Preliminary Report and Discovery Plan, and initial disclosures) until such time as the district judge rules on the three pending motions to dismiss"). *Favors v. Select Portfolio Servicing, Inc.*, No. 3:14-CV-190-TCB, 2015 WL 11718112, at *2 (N.D. Ga. Mar. 11, 2015) ("[T]he interests of judicial economy and preservation of the time and resources of the parties and the Court weigh in favor of granting the requested stay of discovery and related deadlines, including the deadlines governing the filing of a joint preliminary planning report, the submission of initial disclosures, and the commencement of discovery.").

6. The Court should stay proceedings in this case, including the deadline for filing a Joint Preliminary Report and Discovery Plan, because the Court's ruling on Esurance's Motion could dispose of the entire action. A stay serves the interests of judicial economy and preservation of the time and resources for the parties and the Court.

7. Plaintiff Erin Wilson takes no position on the requested stay, but does not intend to file an opposition brief in the interest of judicial efficiency, given the potentially dispositive nature of Esurance's Motion to Dismiss. Plaintiff does not, however, concede that the Motion to Dismiss has merit or is likely to succeed, and expressly reserves all arguments in opposition to that Motion.

8. Courts have found that a stay is particularly appropriate where the Plaintiff does not oppose the motion. *See McDade*, 2021 WL 4816636, at *1 ("With regard to possible prejudice [resulting from a stay of discovery], the Court notes that Plaintiff has not opposed the Motion to Stay.").

**CONCLUSION**

For the foregoing reasons, the Court should stay discovery and related deadlines pending resolution of Esurance's Motion to Dismiss Plaintiff's Complaint. If the Court denies Esurance's Motion in whole or in part, Esurance requests that the parties be allowed 30 days from the ruling to submit the Joint Preliminary Report and Discovery Plan.

Esurance submits a proposed order contemporaneously for the Court's consideration.

Respectfully submitted this 22nd day of October, 2026.

*/s/ Jeffrey H. Fisher*
Jeffrey H. Fisher
GA Bar No. 981575
Jennifer L. Cotton
GA Bar No. 520708
jfisher@ktslaw.com
jcotton@ktslaw.com

**KILPATRICK TOWNSEND & STOCKTON LLP**
1100 Peachtree Street, Suite 2800
Atlanta, Georgia 30309-4528
Phone: (404) 815-6500
Fax: (404) 815-6555

*Counsel for Defendant Esurance Insurance Services, Inc.*

## CERTIFICATE OF CONFERENCE

Undersigned counsel certifies that, prior to filing this Motion, counsel for Esurance conferred with counsel for Plaintiff regarding the relief requested herein. Plaintiff's counsel stated that Plaintiff does not oppose this Motion.

Dated: October 22, 2026.

*/s/ Jeffrey H. Fisher*
Jeffrey H. Fisher

## CERTIFICATE OF SERVICE

I hereby certify that on this day, I filed a copy of the foregoing document with the Clerk of Court using the CM/ECF system, which will automatically send notice of the filing to all parties of record.

Dated: October 22, 2026.

**KILPATRICK TOWNSEND & STOCKTON LLP**
1100 Peachtree Street, Suite 2800
Atlanta, Georgia 30309-4528
Phone: (404) 815-6500
Fax: (404) 815-6555

*/s/ Jeffrey H. Fisher*
Jeffrey H. Fisher
GA Bar No. 981575
jfisher@ktslaw.com

*Counsel for Defendant Esurance Insurance Services, Inc.*